UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TIMOTHY MICHAEL ERICKSON,                    Civil No. 07-1378 (JNE/SRN)

Petitioner,

v.                                    REPORT AND RECOMMENDATION

JOAN FABIAN,
Commissioner of Corrections, and
THE STATE OF MINNESOTA,

Respondents.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, the Court will recommend that this action be

dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts.[1]

## I. BACKGROUND

In September 1988, Petitioner was convicted in the state district court for Sherburne

County, Minnesota, on a charge of first degree murder.  He was sentenced to life in prison,

and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater,

Minnesota.

Petitioner challenged his conviction and sentence on direct appeal, claiming that "(1)

he proved he was so intoxicated that he could not form the requisite statutory intent or

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

premeditation; (2) he proved by a preponderance of the evidence that mental illness had rendered him incapable of knowing the nature of his act or its wrongfulness; and (3) the trial court erroneously admitted his confession, which was coerced and taken in violation of his right to counsel." State v. Erickson, 449 N.W.2d 707, 708 (Minn.1989) ["Erickson I"].  The Minnesota Supreme Court rejected Petitioner's arguments on the merits, and affirmed his conviction and sentence on December 22, 1989.  Id.

Petitioner made no further effort to challenge his conviction or sentence until March 2006, when he filed a post-conviction motion in the state trial court.  (Petition, [Docket No. 1], p. 2.)  The post-conviction motion presented several new challenges to Petitioner's conviction, including "(1) denial of a fair trial; (2) prosecutorial misconduct; (3) judicial misconduct; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel." Erickson v. State, 725 N.W.2d 532, 534 (Minn. 2007) ["Erickson II"].  Petitioner's post-conviction motion was denied by the trial court, and he then filed another appeal.  The Minnesota Supreme Court upheld the denial of Petitioner's post-conviction motion on January 4, 2007.  Id.

Petitioner's current federal habeas corpus petition was filed on March 1, 2007.  This petition lists fourteen claims for relief:

(1) ineffective assistance of appellate counsel, because counsel failed to raise all available issues on appeal;

(2) ineffective assistance of trial counsel, because counsel failed to raise several viable objections during pre-trial proceedings;

(3) deprivation of right to counsel, because police officials did not adequately verify whether Petitioner was waiving or asserting his right to counsel during the initial criminal

investigation;

(4) violation of the Fourth Amendment, because Petitioner's arrest was made without a warrant and without probable cause;

(5) denial of counsel and a fair trial, because the trial court judge restricted Petitioner's defense options during a chambers conference that Petitioner did not attend;

(6) denial of right to be present at all stages of pre-trial and trial proceedings;

(7) denial of right to a fair trial, because prosecutor sought to elicit false testimony;

(8) denial of right to a fair trial, because arresting officer gave perjured testimony;

(9) ineffective assistance of counsel and denial of right to compel testimony, because trial counsel failed to present evidence that would have aided the defense;

(10) denial of Fifth Amendment protection against self-incrimination, because law enforcement official implicitly acknowledged that he coerced Petitioner into making a confession against his will;

(11) denial of right to make peremptory challenges during voir dire;

(12) denial of right to a fair trial, because prosecutor made improper remarks to the jury;

(13) ineffective assistance of trial counsel, because counsel failed to raise properly available objections, and failed to pursue potentially productive lines of inquiry, during pre-trial hearings and at trial; and

(14) ineffective assistance of appellate counsel, because counsel failed to raise all available challenges on direct appeal.[2]  (Petition, pp. 3-15.)

---

[2]  Ground Fourteen appears to be very similar to Ground One.

The Court finds that none of Petitioner's current claims for relief can be addressed on the merits, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.  DISCUSSION

28 U.S.C. § 2244(d), which was enacted as part of the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.  This statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal

habeas relief within the prescribed one-year limitations period,[3] nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously unknown facts,[4] which could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld on direct appeal by the Minnesota Supreme Court on December 22, 1989.   However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for

---

[3] Petitioner contends that he was not able to seek a rehearing in the Minnesota Supreme Court in his state post-conviction case, (Erickson II), because state prison officials deprived him of access to legal resources. (Petition, p. 15.)   That alleged deprivation, however, cannot be viewed as a state-created impediment that alters the starting date of the federal statute of limitations. Indeed, Petitioner does not even suggest that the alleged deprivation of legal resources affected the filing of his current petition; he merely argues that it prevented him from seeking further review in the Minnesota Supreme Court in Erickson II. By the time the alleged deprivation of legal resources occurred, the federal statute of limitations had already been expired for many years, (as discussed more fully below). Therefore, Petitioner's "deprivation of legal resources" argument has no bearing on the date when the statute of limitations began to run in this case.

[4] The Court has not overlooked Petitioner's assertion that he has "new evidence" to support his claim of ineffective assistance of trial counsel. Petitioner has cited two letters that purportedly show that his appellate counsel elected not to raise various legal arguments in his 1989 direct appeal. (Petition, pp. 6-7, 15; Petitioner's Exhibits, [Docket No. 3], Exhibits 2 and 3.) Those letters, however, do not affect the statute of limitations analysis. First, the letters were written in 1988 and 1989, (so they are hardly "new"), and Petitioner has not alleged that he only recently became aware of them. Second, and much more important, the letters do not include any new facts. At most, they merely confirm what has been obvious since at least 1989 – namely, that Petitioner's appellate counsel did not raise every legal argument that Petitioner believes they should have raised.   Thus, Petitioner's so-called "new evidence" does not affect the date when the statute of limitations began to run.

filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on March 22, 1990 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence in Erickson I.

However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on March 22, 1990, the statute of limitations did not actually begin to run in this case until April 24, 1996. The statute of limitations expired one year later, on April 24, 1997. Id. See also Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). Petitioner did not file his current petition until March 1, 2007, which was nearly ten years after the statute of limitations deadline. Therefore, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d

881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court.  The statute of limitations expired on April 24, 1997, and Petitioner did not file his state post-conviction motion until March 2006 – nearly nine years after the federal habeas limitations period had expired.  Petitioner's belated state post-conviction motion could not have tolled the federal statute of limitations, because the limitations period had already expired long before that motion was filed.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."  Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006).  See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but

does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case in April 1997, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion.[5]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship

---

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

supplant the rules of clearly drafted statutes.'"  Id. at 806, (quoting Harris v. Hutchinson,

209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses

as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460,

463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show

that some specific and truly extraordinary event, of a wholly external nature, made it

impossible for him to meet the statute of limitations deadline.

In this case, Petitioner is unable to show that any extraordinary and wholly external

circumstances prevented him from seeking federal habeas corpus relief in a timely manner.

He merely asserts that "it would be exceedingly unfair," if he were to be "penalized for

actually trusting the erroneous and deliberately misleading advice of both of [his] State

Public Defenders."  (Petition, p. 17.)  He argues that neither of his attorneys advised him

"of the option to proceed further with appeal into the federal arena," and both informed him

"that there were no more issues to be had as grounds for appeal."  However, this clearly

is not the type of argument that can support equitable tolling.[6]

As previously noted, equitable tolling is not available where an untimely habeas filing

allegedly was caused by deficient legal assistance. See Beery v. Ault, 312 F.3d 948, 951

---

[6] Petitioner also claims that his appellate counsel informed the Minnesota Supreme Court that "there would be a future post-conviction petition filed pro se" by Petitioner. (Petition, p. 17.)  However, Petitioner's submissions belie that claim.  The documents that Petitioner has submitted show that his attorney did not suggest that Petitioner might file a future post-conviction petition; but rather, the attorney suggested that Petitioner might file his own "Pro Se Reply Brief" in the Minnesota Supreme Court.  (Petitioner's Exhibits, Exhibit 3.)  While Petitioner's erroneous description of his counsel's statement has no direct bearing on the equitable tolling issue, it certainly does nothing to enhance his credibility or advance his cause.

(8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), cert denied, 539 U.S. 933 (2003). The Court of Appeals has repeatedly held that inadequate legal representation alone does not warrant equitable tolling. See Beery, supra; Kreutzer v. Bowersox, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"), cert. denied, 2006 WL 1523244, (U.S. Oct. 2, 2006); Preston v. State, No. 99-3261 (8th Cir. 2000) (per curiam), 2000 WL 995013 at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling) (unpublished opinion); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Generally speaking, equitable tolling cannot be based on the errors or omissions of an attorney, unless a prisoner has been fraudulently induced to believe that the attorney is pursuing post-conviction relief on the prisoner's behalf. See United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005). In this case, Petitioner does not suggest that any attorney promised to do take some particular action on his behalf, but failed to do it. To the contrary, Petitioner candidly acknowledges that his appellate counsel told him that they would not be doing anything further for him. Petitioner may believe that his lawyers could have done more for him, but he cannot claim that he failed to seek post-conviction relief in

a timely manner based on false promises that his lawyers were still trying to help him.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely.  The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on April 24, 1997.  However, Petitioner did not file his current petition until March 1, 2007, which was almost ten years after the statute of limitations deadline, (and more than sixteen years after his conviction became final on direct appeal).

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if that motion had been filed before the federal limitations period expired.  In fact, however, Petitioner did not file his post-conviction motion until nearly nine years after the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case.  The Court has further found that equitable tolling cannot be applied here.  Neither Petitioner's allegedly inadequate legal assistance, nor his personal lack of legal skills, can warrant equitable tolling in this case. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action must be dismissed with prejudice.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, for the reasons discussed above, the Court will also recommend that Petitioner's application for leave to proceed in forma pauperis, ("IFP"), be denied.  See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 4),

be DENIED; and

3.  This action be DISMISSED WITH PREJUDICE.


Dated: March 6, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 21, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.