UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Michael Erickson,

    Petitioner,

v.                                             Civil No. 07-1378 (JNE/SRN)
                                                  ORDER

Joan Fabian, Commissioer of Corrections, and
State of Minnesota,

    Respondents.

Petitioner seeks a writ of habeas under 28 U.S.C. § 2254 (2000). In a Report and Recommendation dated March 6, 2007, the Honorable Susan Richard Nelson, United States Magistrate Judge, recommended that the petition be denied, that the application for leave to proceed *in forma pauperis* be denied, and that this action be dismissed with prejudice. Petitioner objected to the Report and Recommendation. Based on a de novo review of the record, the Court adopts the Report and Recommendation. *See* D. Minn. LR 72.2(b).

An appeal may not be taken from a final order denying a petition under section 2254 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A) (2000); Fed. R. App. P. 22(b)(1). Courts cannot grant a COA unless the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained how a federal district court should determine an applicant's eligibility for a COA in a case involving dismissal of a habeas petition on procedural grounds, rather than on the merits:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district

> court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

529 U.S. at 484.

For the reasons set forth in the Report and Recommendation, the petition is time-barred. Jurists of reason would not find the applicability of the one-year limitations period to the petition debatable. Accordingly, Petitioner is not entitled to a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's petition for writ of habeas corpus [Docket No. 1] is DENIED.

2. Petitioner's application for leave to proceed *in forma pauperis* [Docket No. 4] is DENIED.

3. This action is DISMISSED WITH PREJUDICE.

4. Petitioner is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 21, 2007

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge